IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Saria Walker, | ) | C/A No. 6:22-cv-04249-HMH-KFM |
| | ) | |
| Plaintiff, | ) | **REPORT OF MAGISTRATE JUDGE** |
| | ) | |
| vs. | ) | |
| | ) | |
| Scientific Alloys Corp., Specialty Metals | ) | |
| Smelters and Refiners LLC, Specialty | ) | |
| Metals Corp., Fite Bac Technology, | ) | |
| Darby Dental Supply LLC, Sofident | ) | |
| Dental Lab Supply, Dental EZ, | ) | |
| Surepure Chemetals Inc., GPS Dental | ) | |
| Products, Mercury Refining LLC, | ) | |
| Ivociar Vivadent, Dentron, Englehand | ) | |
| Corp. Specialty Metals Division Dental | ) | |
| Dep't, Precision Instruments PVT Ltd, | ) | |
| U.S. Food and Drug Administration, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil action filed by a *pro se* and *in forma pauperis* non-prisoner plaintiff. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in this case and submit findings and recommendations to the district court. The plaintiff's complaint was entered on the docket on November 22, 2022 (doc. 1). Upon review of the plaintiff's complaint, the undersigned recommends it be dismissed.

## ALLEGATIONS

The plaintiff alleges federal question jurisdiction based on products liability, intentional injury, personal injury, and racially discriminatory labels based upon her dental fillings that contain amalgam (doc. 1 at 5, 11). The plaintiff alleges that the FDA does not support banning the use of amalgam except for very specific conditions (*id.* at 9). The plaintiff alleges that because amalgam can include Mercury, which is not safe, the fillings

are not safe to be used (*id*.). The plaintiff further alleges that the United States government uses amalgam for poor citizens, which is discrimination (*id*. at 10, 13–14). The plaintiff contends that she is now forced to keep the unsafe amalgam in her mouth because she cannot afford to have the fillings removed and replaced (*id*. at 11).

The plaintiff alleges injuries based on the FDA approving the product as safe even though some dentists have noticed that it is harmful (*id*. at 7). The plaintiff also alleges a litany of symptoms she contends are being caused by the harmful fillings in her mouth (*id*. at 12). For relief, the plaintiff seeks to have this product banned in the United States and money damages for the plaintiff to have her fillings replaced (*id*. at 7, 12).

## APPLICABLE LAW & ANALYSIS

The plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a Defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Since federal courts have limited subject matter jurisdiction, there is no

2

presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 337 (1895)). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

There are two types of federal jurisdiction: federal question jurisdiction and subject matter jurisdiction. Federal question jurisdiction arises when the case arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Diversity jurisdiction, on the other hand, is conferred upon the Court when a suit is between citizens of different states and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). Here, the plaintiff alleges federal question jurisdiction based upon products liability (doc. 1 at 5).

The plaintiff asserts federal question jurisdiction based upon products liability, but does not reference any specific federal statute (*see* doc. 1). However, even presuming that the plaintiff identified a proper federal statute under which she could seek relief, the instant matter is subject to summary dismissal because it is frivolous. Although 28 U.S.C. § 1915 permits an indigent litigant to proceed *in forma pauperis*, the court is to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). Here, the plaintiff's vague and nonsensical allegations, as outlined above, do not raise a cognizable federal claim. It is well-settled that the court has the authority to dismiss claims that are obviously "fantastic" or "delusional." *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994); *Raiford v. FBI*, C/A No. 1:10-cv-2751-MBS-JRM, 2010 WL 6737887, at *3 (D.S.C. Nov. 17, 2010), *Report and Recommendation adopted by* 2011 WL 2020729 (D.S.C. May 23, 2011) (explaining a finding of factual frivolousness is appropriate when "the facts alleged rise to the level of the irrational or the wholly incredible"). In

3

reviewing a complaint for frivolousness or malice, the court looks to see whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Harley v. United States*, 349 F. Supp. 2d 980, 981 (M.D.N.C. 2004) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)). The Court must accept all well-pled allegations and review the Complaint in a light most favorable to plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

Here, even reviewing it in a light most favorable to the plaintiff, the complaint is comprised of factual allegations that are not credible, and which fail to state a claim for relief. For example, the plaintiff's conclusory claims that the defendants have conspired to poison indigent individuals, such as the plaintiff, by authorizing the use of amalgam fillings by dentists, standing alone, are clearly delusional and frivolous, and they fail to show any arguable basis in fact or law. *See Neal v. Duke Energy*, No. 6:11-cv-1420-HFF-KFM, 2011 WL 5083181, at *4 (D.S.C. June 30, 2011), *Report and Recommendation adopted by* 2011 WL 5082193 (D.S.C. Oct. 26, 2011) (dismissing action upon finding plaintiff's factual allegations were frivolous, fanciful, and delusional where plaintiff claimed defendants clandestinely placed a GPS device in her car while it was in the shop for repairs and that she was being stalked by the defendants, noting the allegations were "made without any viable factual supporting allegations and appears to be the product of paranoid fantasy"); *Feurtado v. McNair*, No. 3:05-cv-1933-SB, 2006 WL 1663792, at *2 (D.S.C. Jun. 15, 2006) (noting that frivolousness encompasses inarguable legal conclusions and fanciful factual allegations), *aff'd*, 227 F. App'x 303 (4th Cir. 2007), *petition for cert. dismissed*, 553 U.S. 1029 (2008). Indeed, the plaintiff does not allege that any of the defendants are responsible for the alleged poisonous fillings that she purportedly has in her own mouth (*see* doc. 1). As such, in light of the foregoing, the undersigned also recommends that this action be dismissed as frivolous.

4

## <u>RECOMMENDATION</u>

The undersigned is of the opinion that the plaintiff cannot cure the defects identified above by amending her complaint. Therefore, the undersigned recommends that the district court dismiss this action without prejudice, without leave to amend, and without issuance and service of process. *See Britt v. DeJoy*, 45 F.4th 790, 791 (4th Cir. 2022) (published) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend . . . the order dismissing the complaint is final and appealable"). It is further recommended that the United States District Judge assigned to this case warn the plaintiff regarding the entry of sanctions in the future should the plaintiff continue to file frivolous litigation in this court. **The attention of the parties is directed to the important notice on the next page.**

**IT IS SO RECOMMENDED**.

s/Kevin F. McDonald
United States Magistrate Judge

December 14, 2022
Greenville, South Carolina

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Room 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).